ANTOON, Judge.
In this appeal from a felony conviction, Francis Adler (defendant) contends that the trial court erred in denying his motion to withdraw his guilty plea. We disagree and affirm.
After entering a plea of guilty to uttering a forged instrument, the defendant appeared for sentencing. At the sentencing hearing, although there is no indication in the record that the defendant’s cursory unsworn motion was noticed for hearing, defense counsel brought the court’s attention to the defendant’s request to withdraw his plea. In so doing, counsel told the trial court that the motion was based on the defendant’s belief that the state had a duty to advise him of the victim’s death yet failed to do so. Upon hearing the defendant’s brief argument with regard to the motion, the trial court said, “Anything else? That could be the subject of a post-sentence motion.” Defense counsel responded, “No, Your Honor.” The court then denied defendant’s motion to withdraw his guilty plea, and proceeded to sentencing. On appeal, the defendant argues that his judgment and sentence must be reversed because the trial court erred in failing to give him more time to present the motion.
First, we address the question of whether the trial court conducted a proper hearing on the defendant’s motion to withdraw his plea. We conclude that a proper hearing did take place. Although it was short and the trial court did not enter a clear order, the court had heard the basis for defendant’s motion to withdraw and asked if there was anything else prior to moving on. At that point, the court was aware of the grounds for the motion, and the defendant had not requested the opportunity to present testimony or any other evidence. Also, the defendant had not requested that the court continue the matter. Under these circumstances, it was reasonable for the trial court to conclude that it had heard all that the defendant intended to offer and had been presented with a question of law, rather than a question of fact requiring an evidentiary hearing.
The next question is whether the trial court abused its discretion in denying defendant’s motion to withdraw his plea.[1] The defendant contends that the court erred in rejecting his argument that his ignorance of the victim’s death at the time he entered his plea constitutes good cause. This is an interesting issue because, in so arguing, defendant does not (1) suggest that he is not guilty of the offense for which he has been convicted; (2) maintain that the trial court imposed a sentence greater than that contemplated by his plea agreement; or, (3) claim that he was not properly advised by counsel prior to entering his plea. Also, defendant makes no pretense that he did not understand all that transpired at the time he entered the plea, nor does he advance the argument that the protective procedures of Florida Rule of Criminal Procedure 8.170 were violated. In fact, the defendant’s argument, plainly stated, is that he should have been advised of the death of the victim, the state’s key witness, before he entered his plea. The defendant fails to cite any authority supporting this argument, and we decline the invitation to create such.
AFFIRMED.
COBB and HARRIS, JJ., concur.

. Florida Rule of Criminal Procedure 3.170(f), in part, provides
RULE 3.170 PLEAS
* * * * * *
(f) Withdrawal of Plea of Guilty. The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn....